**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REBECCA ALEXANDER, a single woman, | No. 17-35677 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00653-RSM |
| v. | |
| KING COUNTY, WASHINGTON, a county municipality; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted August 19, 2019[**]

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Rebecca Alexander appeals from the district court's orders denying

sanctions under 28 U.S.C. § 1927 and granting a reduced award of attorney's fees

under 28 U.S.C. § 1447(c).  We have jurisdiction under 28 U.S.C. § 1291.  We

review for an abuse of discretion.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 950

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2001) (amount of attorney's fees under § 1447(c)); *Barber v. Miller*, 146 F.3d 707, 709 (9th Cir. 1998) (sanctions under § 1927). We affirm.

The district court did not abuse its discretion by awarding attorney's fees under § 1447(c) in the amount of $3,000 because the record supports the district court's calculation under the lodestar method. *See* 28 U.S.C. § 1447(c); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978-79 (9th Cir. 2008) (discussing proper application of the lodestar method and the district court's "great deal of discretion" to determine the reasonableness of the fee (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Alexander's request for sanctions because the record does not support a finding of recklessness or bad faith. *See* 28 U.S.C. § 1927 (authorizing an award of attorney's fees reasonably incurred because of conduct that "multiplies the proceedings . . . unreasonably and vexatiously"); *Barber*, 146 F.3d at 711 (an award of sanctions under § 1927 requires a showing of recklessness or bad faith); *Newton v. Thomason*, 22 F.3d 1455, 1463 (9th Cir. 1994) ("A district court abuses its discretion . . . when it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Alexander's motions for reconsideration because Alexander failed to demonstrate grounds for

such relief.  *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review and grounds for relief under Fed. R. Civ. P. 59(e) or 60(b)).

Alexander's contention that the district court erred by denying as moot the motion to dismiss filed by defendants Mortgage Electronic Registration Systems, Inc., Nationstar Mortgage LLC, and U.S. Bank, N.A. is unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

This case remains administratively closed as to defendant-appellee Northwest Trustee Services, Inc.  *See* Docket Entry Nos. 37, 40.

**AFFIRMED.**

17-35677